IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUADRATEC, INC,<br><br>   *Plaintiff,*<br><br> v.<br><br>THE AUTO SHOPS, LLC, a/k/a<br>ALLTHINGSJEEP.COM,<br><br>   *Defendant.* | CIVIL ACTION<br>NO. 17-03780 |

**PAPPERT, J.**                             January 31, 2018

## MEMORANDUM

Quadratec, Inc. sued The Auto Shops, LCC for copyright infringement on August 22, 2017. (Compl., ECF No. 1.) Auto Shops failed to respond to the Complaint within twenty-one days of the date Quadratec allegedly served the pleading and on September 27, 2017, the Clerk of Court entered default. Auto Shops filed a Motion to Set Aside Default on October 9, 2017. (Mot., ECF No. 8.) Quadratec opposes the Motion (Opp., ECF No. 13) which the Court, for the reasons stated below, now grants.

I

Quadratec sells aftermarket parts and accessories for Jeep branded vehicles and advertises its products in magazines, direct-mail catalogs and on its website. (Compl. ¶¶ 8, 10–11.) Quadratec creates "unique photographs of the Jeep [p]roducts" to use on its advertisements and website. (*Id.* ¶ 12.) Quadratec alleges that Auto Shops, a competitor (*Id.* ¶ 8), copied photos from its website without authorization (*Id.* ¶ 22). Quadratec alleges that it sent Auto Shops a cease and desist letter on January 21, 2016

(*Id.* ¶¶ 23–24) and then filed this lawsuit after Auto Shops failed to remove the images from its website.

Quadratec asserts that it served Auto Shops' agent for service in California on August 31, 2017. (Opp. at 2; *see also* Summons, ECF No. 5.) Todd Madeiros, CEO of Auto Shops, contends that he first learned about the Complaint on September 13, 2017 when he received it in the mail from LegalZoom. (Declaration of Todd Madeiros ¶ 9, ECF No. 9.) Madeiros asserts that he called Quadratec's counsel immediately, subsequently left a voicemail on September 23 and exchanged text messages with Quadratec's counsel between September 26 and September 28, attempting to schedule a call to discuss the matter. (*Id.* ¶¶ 13-20.) However, Quadratec filed a Request for Entry of Default on September 27, 2017, twenty-seven days after Quadratec believes service was executed and the Clerk of Court entered default that same day. *See* (ECF No. 4). Auto Shops retained counsel who learned on September 29 that default had been entered. (Declaration of Todd Madeiros ¶¶ 22–23.) Auto Shops requested that Quadratec consent to lift the default but Quadratec refused. (Mot. at 4.) Auto Shops thereafter filed its Motion.[1] (ECF No. 8.)

II

Federal Rule of Civil Procedure 55(c) permits the court to set aside the entry of default "for good cause." FED. R. CIV. P. 55(c). "That determination is made in the sound discretion of the court." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2001) (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)). Whether good cause exists depends on three factors: (1) whether the

---

[1] This case was initially assigned to Judge Davis and transferred to Judge Robreno on October 6, 2017 (ECF No. 6) after Judge Davis's retirement. It was then reassigned to this Court on October 12, 2017. (ECF No. 12.)

2

plaintiff will be prejudiced if the default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether "the default was a product of the defendant's culpable or inexcusable conduct." *Id.* (citation omitted). In evaluating these factors, all doubts are to be resolved in favor of the defaulting party. *See Maaco Enters., Inc. v. Beckstead*, No. 02-853, 2002 WL 31757608, at *2 (E.D. Pa. Dec. 9, 2002); *see also Dizzley*, 202 F.R.D. at 147 (noting that "the entry of a default is not favored"). Further, the Third Circuit Court of Appeals has "often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

## III

### A

Prejudice exists when setting aside an entry of default would impair a plaintiff's ability to pursue his claim. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–57 (3d Cir. 1982). The "loss of available evidence, the increased potential for fraud or collusion, and the plaintiff's substantial reliance on the default" support a finding of prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assocs. Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). Being forced to "litigate an action on the merits rather than proceed by default does not," however, "constitute prejudice." *Id.* Given the relatively short time between entry of default and the Court's decision on this motion, it is doubtful that any available evidence will ultimately be lost. *Cf. Braverman Kaskey, P.C. v. Toidze*, 599 F. App'x 448, 453 (3d Cir. 2015) (finding potential for prejudice against plaintiff given that the case had been pending for six years). Nor does the record suggest an increased

3

potential for fraud or substantial reliance on the default. Granting Auto Shops' Motion will merely require Quadratec to litigate its claim on the merits.

B

To establish a meritorious defense, a defendant must state a defense that, if substantiated, would constitute a complete defense to the action. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). "[A] 'meritorious defense' can be a defense of any variety—whether a dispute of material fact[;] . . . an affirmative defense; *the contention of failure to state a claim*; or lack of subject matter jurisdiction . . . ." *Collura v. Ford*, 2016 WL 409228, at *12 & nn.10–11 (E.D. Pa. Feb. 3, 2016) (emphasis added). Auto Shops asserts that it has "several meritorious defenses…and there may be others." (Mot. at 4.) Auto Shops contends that Quadratec's copyright registration may be invalid or fail to cover the photographs involved in this case (*Id.*) and that to the extent Auto Shops copied any photographs, it was "functional" and non-copyrightable meaning Quadratec failed to state a claim (*Id.* at 5.) Resolving for now any doubts as to the availability of a meritorious defense in Auto Shops' favor, this factor weighs in favor of setting aside default.

C

A defendant's conduct is culpable where he or she "act[s] willfully or in bad faith." *Feliciano*, 691 F.2d at 657. This requires "more than mere negligence." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Willful or bad-faith conduct can be established when a defendant purposefully declines to fulfill their responsibility to file a response with the Court. *See, e.g.*, *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984). When a defendant "demonstrate[s] negligence that had a dilatory result, but . . . does

not demonstrate dilatory intent or bad faith," the entry of default was not the result of inexcusable conduct by the defendant. *Dizzley*, 202 F.R.D. at 148. Further, "[t]he record must contain evidence affirmatively suggesting culpable conduct; the court should not infer the requisite willfulness or bad faith from the mere delay itself." *Spurio v. Choice Sec. Sys., Inc.*, 880 F. Supp. 402, 405 (E.D. Pa. 1995). Here, there is a dispute as to when service was effectuated. The Court has no basis to conclude that Auto Shops acted willfully or in bad faith in failing to (arguably) timely respond to Quadratec's Complaint.[2]

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] In its opposition, Quadratec seeks reimbursement for the expenses incurred in "securing default and responding to the instant motion." (Opp. at 8.) The Court denies the request. Courts may impose sanctions "to compensate the plaintiff for the time and effort involved in opposing the Rule 55(c) motion and to serve as a 'wake-up-call'" to the defendant. *Jackson v. Del. County*, 211 F.R.D. 282, 284-285 (E.D. Pa. 2002). Courts do this in more extreme circumstances than those present here. *See id.*

5